WILKIN, Appellee,

v.

WILKIN, Appellant.

[Cite as *Wilkin v. Wilkin* (1996), 116 Ohio App.3d 315.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 96CA899.

Decided Dec. 13, 1996.

*Olivia S. Wilkin, pro se.*

*Forrest F. Beery,* for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Municipal Court of Hillsboro, Ohio, upon a bench trial, awarding $4,000 to W. David Wilkin, plaintiff below and appellee herein, on his claim against Olivia S. Wilkin, defendant below and appellant herein. Appellant's brief fails to set forth any assignments of error as required by App.R. 16(A)(3). This makes her appeal somewhat difficult to resolve, given that our determination of the merits in this case must be based on assignments of error. App.R. 12(A)(1)(a). Nevertheless, in the interests of

justice, we will attempt to extract an assignment of error from appellant's argument and proceed on that basis. Before doing so, however, we pause to consider the pertinent facts in this case, which the record reveals to be as follows.

The parties herein are father and daughter. In the winter of 1994, appellant went to her father for help in financing a trip to New York City. Appellee declined to give his daughter the money for this excursion outright, but agreed to help her secure a loan for the necessary funds. On March 14, 1994, they went to the Merchant's National Bank in Hillsboro, Ohio, where they both executed a promissory note in the amount of $4,397.04 to be repaid by appellant over a three-year period. Appellee provided the collateral for this loan and bought a $4,000 certificate of deposit, which was put in his daughter's name and used as security. It was appellee's understanding that this money was to be used strictly as collateral for the loan and was not being transferred to her as a gift. Appellant, on the other hand, interpreted her father's actions as being tantamount to giving her the money. She made several payments on the loan before finally cashing in the certificate of deposit and paying off the remaining principal balance. The surplus funds left over from the certificate were then used by appellant to pay off "a ton of overdraft charges" she had "racked up." This incident caused a deterioration in the relationship between father and daughter, which culminated in appellant's cutting off her support several months before she graduated from college.

Appellee commenced the action below on August 17, 1995, alleging that appellant had breached their agreement to use the certificate solely as collateral and improperly cashed the instrument to pay off the loan. He sought damages against his daughter in the amount of $4,000. The complaint was later amended to include alternative claims of money had and received by appellant and unjust enrichment. Appellant entered an appearance *pro se* and filed an answer which, essentially, denied all liability. The matter proceeded to trial on January 4, 1996, at which time both sides presented evidence supporting their case. Appellee testified that the money used to purchase the certificate of deposit was not a gift and was supposed to have been returned to him. He also stated that his reason for helping his daughter was so that she could take a French course in New York City. Contrary evidence was submitted by appellant, who testified that she believed the funds used for the certificate were a gift from her father. Moreover, the witness admitted that she never used the money to take the French course in New York City after all, as that would have left her "short some money."

The court ruled from the bench at the conclusion of trial and found that the $4,000 from appellee had been a conditional gift made solely for the purpose of assisting appellant in taking the French course in New York City. By not taking that course, the trial court reasoned, she had failed the condition placed on the

gift and her father was entitled to repayment of the funds he had placed in the certificate of deposit. On January 6, 1996, judgment was entered awarding $4,000 in damages to appellee against his daughter. However, no further mention was made in that entry regarding the trial court's conditional-gift analysis. This appeal followed.

It is tempting to analyze this case under a number of legal theories other than a conditional gift. After all, a trial court speaks through its journal entries rather than by oral pronouncement, *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903, 906; *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 338, 492 N.E.2d 146, 148, at fn.3; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625 at paragraph one of the syllabus, and this court will not ordinarily review a courtroom discussion on a legal principle which was not carried over into the judgment entry. *Snouffer v. Snouffer* (1993), 87 Ohio App.3d 89, 91, 621 N.E.2d 879, 880–881; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 140, 601 N.E.2d 515, 520, at fn. 5. The court below never carried its conditional-gift analysis over from trial so as to include it in the judgment entry, and thus that analysis could be disregarded. Our own review of the record leads us to conclude that there are a number of other legal theories which more easily fit the factual posture of this case and would lead us to affirm the judgment. However, we also concede that the judgment below gives no indication whatsoever as to the trial court's basis for ruling in favor of appellee. A reviewing court, in those circumstances, must then resort to examining the entire proceedings including the transcript with the trial judge's comments. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 95, 551 N.E.2d 172, 173–174; *A.B. Jac., Inc. v. Liquor Control Comm.* (1972), 29 Ohio St.2d 139, 58 O.O.2d 342, 280 N.E.2d 371 at paragraph two of the syllabus. We therefore restrict our review of this case to the confines of the law of conditional gifts.

A donor may limit a gift and render it so conditioned and dependent on an expected state of facts that when the state of facts fails, the gift fails with it. 28A Corpus Juris Secundum (1996) 218, Gifts, Section 38; 38 American Jurisprudence 2d (1968) 882–884, Sections 80 and 81. The reported caselaw in Ohio concerning conditional gifts is mostly in the area of gifts given in contemplation of marriage. It has been held in those cases that when the condition upon which the gift was made fails, then the gift must be returned to the donor. See, e.g., *Sigrist v. Lyons* (1995), 100 Ohio App.3d 252, 254, 653 N.E.2d 744, 745; *McIntire v. Raukhorst* (1989), 65 Ohio App.3d 728, 731, 585 N.E.2d 456, 458. The same principle would logically apply here. The court below found that appellee had made a gift of the $4,000 to his daughter but only on the condition that she would use the money to take a French course in New York City. When appellant did

not take the course, the condition failed and appellant became obligated to return the gift.

Appellant does not challenge the trial court's characterization of the gift as conditional. It is the specifics of the condition with which she disagrees. Appellant argues in her brief that "the purpose of the trip and therefore the condition of the gift as a gift was and has always been to explore graduate schools in the New York City area." She contends that her father knew that the purpose of the trip was *not* to take the French course. Indeed, appellant even testified below that her sole reason for taking the trip to New York City was to investigate her options for graduate school. This leads appellant to conclude that the trial court erred in its conclusion as to the substance of the condition placed on the gift. We are not persuaded.

The essence of appellant's argument is that the judgment of the trial court was against the weight of the evidence. It is well-settled law that judgments supported by some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536–537; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 158–159; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at the syllabus. Appellee clearly testified below that his reason for helping to facilitate the loan, and putting the certificate of deposit in his daughter's name, was so that she could go to New York City to take a French course. This was sufficient for the trial court to find that a condition of like nature had also been placed on the gift. To be sure, there was contrary testimony by appellant, who stated that the sole purpose of the trip was to investigate graduate schools and that her father was not requiring her to take the French course. It should be noted, however, that conflicting testimony is not grounds for reversal. *State v. Rowe* (1990), 68 Ohio App.3d 595, 613, 589 N.E.2d 394, 405–406. The weight to be given evidence and the credibility of witness are issues for the trier of fact. *State v. Frazier* (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000, 1014; *State v. Jamison* (1990), 49 Ohio St.3d 182, 191, 552 N.E.2d 180, 188–189; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, at paragraph one of the syllabus. We give particular deference to the factual findings of the court below because it was in a better position than this court to view the witnesses and observe their demeanor, gestures and voice inflections and use those observations in weighing the credibility of the proffered testimony. See *Myers v. Garson* (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742, 745–746; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277. It is manifestly obvious that, at least on this point, the trial court found appellee's explanation of the condition placed on

the gift to be more credible than the explanation of his daughter. We will not reverse that decision here.

Having reviewed appellant's arguments, and finding no merit therein, we affirm the judgment of the trial court.

*Judgment affirmed.*

HARSHA and KLINE, JJ., concur.