OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, James R. Scott ("the appellant"), appeals the judgments of conviction and sentence of the Seneca County Court of Common Pleas following his guilty plea to four counts of attempted rape and one count of gross sexual imposition.
In July 1999, a criminal investigation of the appellant was commenced by the Fostoria Police Department. The investigation was the result of alleged sexual conduct by the appellant against his stepdaughter and three young female children.[1] On September 22, 1999, the Seneca County Grand Jury returned an eight count indictment against the appellant. The grand jury indicted the appellant on two counts of attempted rape (Counts One and Seven), in violation of R.C. 2923.02 and 2907.02(A)(2), five counts of rape (Counts Two through Six), in violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(A)(2), and one count of gross sexual imposition (Count Eight), in violation of R.C. 2907.05(A)(1).
Pursuant to a negotiated plea agreement, on September 15, 2000, the appellant appeared before the court, withdrew his previous not guilty pleas, and entered guilty pleas to four counts of attempted rape[2], in violation of R.C. 2923.02 and 2907.02(A)(2), felonies of the second degree, and one count of gross sexual imposition, in violation of R.C.2907.05(A)(1), a felony of the fourth degree. Pursuant to the plea agreement, the appellant also agreed to an adjudication finding him to be a sexual predator pursuant to the provisions of R.C. Chapter 2950 et seq. In exchange for the appellant's guilty pleas and his acceptance of sexual predator status, the State of Ohio dismissed Counts Three, Four, and Five, of the indictment. The trial court accepted the appellant's guilty pleas, found him guilty of the offenses, and sentenced him to a total term of imprisonment of thirteen years.
The appellant now appeals, asserting the following sole assignment of error for our review.
 Assignment Of Error
The plea of guilty rendered by the defendant-appellant was involuntary and should not have been accepted by the trial court.
In his sole assignment of error, the appellant maintains that the trial court erred by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently. For the following reasons, we agree.
Criminal Rule 11 requires guilty pleas to be knowingly, intelligently and voluntarily made. Although literal compliance with Crim.R. 11 is preferred, substantial, not strict, compliance with Crim.R. 11 is all that is required. State v. Stewart (1977), 51 Ohio St.2d 86. When an appellate court considers whether a guilty plea was entered knowingly, intelligently and voluntarily, it examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.State v. Kelley (1991), 57 Ohio St.3d 127, 129, and State v. Carter
(1979), 60 Ohio St.2d 34 . In the case herein, the essence of the appellant's assignment of error is that his guilty pleas were not voluntary because he had expressed his innocence to the charges against him at the plea hearing held on September 15, 2000.[3] This type of plea whereby a defendant asserts innocence but nonetheless pleads guilty takes its name from the leading case concerning such pleas, Alford v.North Carolina (1970), 400 U.S. 25. All pleas, including an Alford
plea, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waived his right to trial. See, e.g.,State v. Padgett (1990), 67 Ohio App.3d 332, 337-38, construing Crim.R. 11(C). Because pleas accompanied by protestations of innocence give rise to an inherent suspicion that a knowing, voluntary, and intelligent waiver has not occurred, an Alford plea places a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea was a rational decision on the part of the defendant.Padgett, 67 Ohio App.3d at 337-38.
In order for the trial court to establish that an Alford plea is knowing, voluntary, and intelligent, the court must conduct what is commonly referred to as an "Alford inquiry." An "Alford inquiry" requires that the trial court question the defendant concerning the reasons for deciding to plead guilty, notwithstanding the protestations of innocence. Padgett, 67 Ohio App.3d at 337-38. The record also must contain strong evidence of guilt before an Alford plea may be accepted.United States v. Morrow (C.A.4, 1990), 914 F.2d 608, 611. Therefore, the plea should not be made without the presentation of some basic facts surrounding the offenses charged. State v. Nicely (June 30, 2000), Fulton App. No. F-99-014, unreported; State v. Casale (1986),34 Ohio App.3d 339, 340.
In the case herein, the record of the plea hearing contains contradictory statements from the defendant as to whether he was admitting or denying guilt to the charges against him. For example, the following exchanges between the appellant and the trial judge demonstrate that the appellant had planned to and did in fact admit guilt to the charges against him:
 COURT: You're gonna be sitting in jail thirteen years on these charges. You need, you need to do this with an understanding that, that you've done something wrong. If you haven't done anything wrong, then you need to go to trial. [sic]
 APPELLANT: I did something wrong and I should get punished for it now.
 COURT: So when I ask you, do you admit the allegations contained in the charges as amended, or, I think the Gross Sexual Imposition is not being amended, you're gonna be able to say to me, Judge, that's correct? [sic]
APPELLANT: Yeah.
 Shortly thereafter, the following exchange occurred between the appellant and the trial judge:
 COURT: * * * Mr. Scott, do you admit the allegations as they apply to the four offense[s], four counts of Attempted Rape and the one count of Gross Sexual Imposition? What it says in there is true as it pertains to the amended charges, and to the Gross Sexual Imposition?
APPELLANT: Yeah.
 COURT: Very well. The Court finds that there is a factual basis for the plea, that the defendant knows and understands his legal and constitutional rights, the recommendation of the state and with that knowledge and understanding voluntarily entered his plea of guilty and is found guilty as charged.
 Immediately prior to sentencing, however, the following exchange occurred between the appellant and the trial judge:
APPELLANT: Don't I get to say something?
 COURT: Absolutely. Ms. [sic] Scott, is there anything you wish to say before this Court pronounces it's [sic] sentence?
 APPELLANT: Yeah. In the beginning, when all this came out, I talked to my attorney. He told me, yeah, they're railroading me and there's nothing he could really do about it but go on back to his office after this is all over. The prosecution, they made a deal. They wanted me to say I was guilty of all charges, and I'll only get two years in jail. And I said, no. But, now this is coming down, and they changed the, uh, everything, because now that they got his, uh, murder charge on me they said they can use that in, uh, in this case. [sic]
 In all of this, my attorney gave me the impression that there's no way he could win it. And he never followed in my leads. So I'm just tired, but I'm innocent. But I don't have nobody to help me. And it's been like this for I don't know how long. So you can get on with your sentence. I know I've been railroaded. [sic] [emphasis added.]
 As detailed above, the appellant expressly professed his innocence to the charges against him. The appellant stated on at least one other occasion during these proceedings that he would not admit to committing the offenses, but that he would nonetheless plead guilty to them.
The foregoing exchanges demonstrate that an Alford inquiry was necessary in this case. Although the transcript of the plea hearing reveals the appellant's reasons for deciding to plead guilty, notwithstanding his protestations of innocence, the State of Ohio did not set forth a sufficient presentation of the basic facts surrounding the offenses charged so as to allow the trial court to determine whether the record contains strong evidence of guilt. Therefore, we cannot say that the guilty pleas were properly tendered and accepted.[4]
Accordingly, the appellant's sole assignment of error is well-taken and is sustained.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
Judgment reversed and cause remanded.
 SHAW and BRYANT, JJ., concur.
[1] The record only refers to the female children as the appellant's "kids".
[2] Counts Two and Six were amended to attempted rape.
[3] The appellant also stated at the plea hearing that he was not satisfied with his attorney's representation.
[4] We note that although the appellant's guilty pleas were tenderedand accepted prior to his protestation of innocence, the issue was notres judicata. A mere pronouncement of the court is not a judgment. Atrial court speaks only through its journal entry, not by oralpronouncement. Wilkin v. Wilkin (1996), 116 Ohio App.3d 315, 318.