DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment that denied a petition for postconviction relief filed by Keith Platz, petitioner below and appellant herein. Initially, we note that there are no assignments of error in appellant's brief as required by App.R. 16(A)(3). This factor has made this much more difficult to address given that our determination of the merits of the case must be based on such assignment(s) of error. See App.R. 12(A)(1); also see Wilkin v. Wilkin
(1996), 116 Ohio App.3d 315, 316, 688 N.E.2d 27, 28. Nevertheless, in the interests of justice we will attempt to review appellant's arguments to the best of our ability to understand them, and we will treat appellant as having assigned as error the trial court's denial of his postconviction relief petition.[1]
At this juncture, a brief summary of the facts pertinent to this appeal is in order.[2] On July 15, 1999, The Washington County Grand Jury returned an indictment charging appellant with one count of felonious assault in violation of R.C. 2903.11(A)(2). Appellant pled not guilty and was released on his own recognizance. Subsequently, appellant agreed to plead guilty to a lesser charge of aggravated assault in violation of R.C. 2903.12(A)(2). The trial court accepted his plea and set the matter for sentencing at a later date. On the day of the sentencing hearing, however, appellant failed to appear. The trial court then issued a warrant for appellant's arrest. The authorities eventually apprehended appellant and charged him with a breach of recognizance in violation of R.C. 2937.29 and 2937.99(A).
On April 18, 2000, the trial court ordered appellant to serve a twelve month prison term and to pay restitution (on the aggravated assault offense). We affirmed that conviction in State v. Platz (), Washington App. No. 00CA25, unreported (hereinafter "Platz I").
Insofar as the breach of recognizance, that matter was tried to a jury on July 25, 2000. The jury found appellant guilty as charged. The trial court sentenced appellant to another twelve month prison term for that offense and ordered the sentence to be served consecutively to the sentence for the assault conviction. That judgment was later affirmed in part and reversed in part by this Court and the case was remanded for further proceedings with respect to sentencing. See State v. Platz
(), Washington App. No. 00CA36, unreported.
Appellant commenced the action below on September 29, 2000 by filing a postconviction relief petition pursuant to R.C. 2953.21. He supported his petition by six (6) pages of hand written notes which appear to argue that his conviction in Platz I should be vacated because he received ineffective assistance of trial counsel and because he did not commit the crime. The State filed a motion to dismiss his petition, without a hearing, on the basis that appellant's plea constituted a complete admission of guilt and that he was barred by res judicata from raising the issue of ineffective assistance of counsel.
The trial court denied appellant's petition. On November 2, 2000, the court issued findings of fact and conclusions of law noting that appellant's ineffective assistance of counsel claims had "already been fully litigated" and that his evidentiary arguments were irrelevant in light of his guilty plea. This appeal followed.
As previously mentioned, we interpret the disjointed and confusing arguments in appellant's brief to be a general challenge to the trial court's decision denying his postconviction relief petition. After a thorough review of the record in this case, we find no error in the trial court's judgment.
Our analysis begins from the premise that we review de novo a trial court's denial of postconviction relief without a hearing. See State v.Parks (Nov. 23, 1998), Ross App. No. 98CA2396, unreported; State v.Lippert (Feb. 24, 1998), Scioto App. No. 97CA2504, unreported; State v.Parker (Dec. 30, 1997), Washington App. No. 96CA35, unreported. That is to say that we afford no deference to the trial court and we will conduct our own review to determine whether appellant was entitled to postconviction relief or, at the very least, to a hearing on his motion.
At the outset we note that a petitioner is not entitled to a hearing unless the petition sets forth substantive grounds for relief. R.C.2953.21(C). In the instant case, this is the point in which appellant's argument is deficient. To the extent any cogent argument(s) can be gleaned from appellant's petition, it appears that he asserts that he did not commit the assault crime and that he received ineffective assistance of trial counsel. These, however, are not sufficient grounds for postconviction relief.
With respect to his evidentiary arguments, and his declaration of innocence, we point out that appellant pled guilty to the aggravated assault offense. This constitutes a complete admission of guilt to that crime. See Crim.R. 11(B)(1). His various arguments that he did not commit that offense are unavailing at this point. We also point out that a claim of actual innocence is not a "Constitutional claim" for purposes of R.C.2953.21 and, thus, does not provide a substantive basis for postconviction relief. See State v. Watson (1998), 126 Ohio App.3d 316,323, 710 N.E.2d 340, 344-345; also see State v. Nivens (Nov. 30, 1999), Franklin App. No. 99AP-242, unreported; State v. Loza (Oct. 13, 1997), Butler App. No. CA96-10-214, unreported; State v. Campbell (Jan. 8, 1997), Hamilton App. No. C-950746.
With respect to appellant's argument that he received ineffective representation by trial counsel, we note that the doctrine of resjudicata applies in determining whether postconviction relief should be afforded under R.C. 2953.21. See e.g. State v. Szefcyk (1996),77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus; State v. Nichols
(1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375, 377; State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus. This means that a petitioner cannot raise, for purposes of postconviction relief, any error which was raised or could have been raised on direct appeal. See State v. Reynolds (1997), 79 Ohio St.3d 158,161, 679 N.E.2d 1131, 1133; State v. Lentz (1990), 70 Ohio St.3d 527,529, 639 N.E.2d 784, 785; State v. Juliano (1970), 24 Ohio St.2d 117,119, 265 N.E.2d 290, 292.
Appellant's claim that he received ineffective assistance of counsel could have been raised, on direct appeal in Platz I.[3] Appellant, however, failed to do so. We therefore agree with the trial court that appellant is barred from raising that claim under the doctrine of resjudicata.[4] Even assuming arguendo that the issue was not barred from consideration, we still find no merit in his argument that he received constitutionally ineffective representation and that his conviction should be reversed.
In order to prove an ineffective assistance claim, one must show both defective performance by trial counsel as well as prejudice resulting therefrom. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693, 104 S.Ct. 2052, 2064; also see State v. Goodwin
(1999), 84 Ohio St.3d 331, 334, 703 N.E.2d 1251, 1256; State v. Goff
(1998), 82 Ohio St.3d 123, 129, 694 N.E.2d 916, 929; State v. Loza
(1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082, 1105. Furthermore, appellate courts are admonished to "be highly deferential" to counsel's performance and refrain from second guessing strategic decisions. SeeState v. Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, 977;State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373,379-380.
We find nothing in appellant's long and rambling petition to persuade us that his trial counsel's representation was defective or that he was prejudiced in any manner thereby. Appellant's trial counsel managed to persuade the prosecution to forego the felonious assault charge (2nd degree felony) and agree to accept a plea to an aggravated assault charge (4th degree felony).[5] This reduced the maximum possible prison sentence from eight years to eighteen months.[6]
For these reasons, we find that appellant's assignment of error is not well taken and is hereby overruled. We hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Kline, J. Concur in Judgment Opinion.
[1] In addition to the absence of any assignments of error, the "arguments" set forth by appellant in his brief are long, rambling, convoluted and exceedingly difficult to decipher. This Court has a long history of affording leniency to pro se actions brought by prisoners.See e.g. Akbar-El v. Muhammed (1995), 105 Ohio App.3d 81, 85,663 N.E.2d 703, 705; Besser v. Griffey (1993), 88 Ohio App.3d 379, 382,623 N.E.2d 1326, 1328. However, there is a limit to our ability to construct arguments from jumbled assertions. See State ex rel. Karmasuv. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832; also seeConley v. Willis (Jun. 14, 2001), Scioto App. No. 00CA2746, unreported;Burns v. Webb (Oct. 9, 1998), Athens App. No. 97CA45, unreported. We therefore treat appellant's arguments as a general challenge to the trial court's decision rather than trying to articulate for him more specific challenges on narrower grounds.
[2] These facts are taken largely from appellant's previous cases in this Court. See State v. Platz (), Washington App. No. 00CA25, unreported; State v. Platz (), Washington App. No. 00CA36, unreported.
[3] We also point out that appellant was represented by different counsel on appeal in Platz I than he was at trial. Claims of ineffective assistance of counsel are not barred by res judicata when one is represented by the same counsel on direct appeal as at trial. See Statev. Pierce (1998), 127 Ohio App.3d 578, 585, 713 N.E.2d 498, 502; Statev. Payton (1997), 124 Ohio App.3d 552, 556, 706 N.E.2d 842, 844. This is because appellate counsel cannot reasonably be expected to make an argument as to his or her own ineffectiveness. Pierce, supra at 585,713 N.E.2d at 502; also see State v. Goodwin (May 27, 1999), Cuyahoga App. No. 72043, unreported. Obviously, this does not apply in the case subjudice as appellant was represented by different counsel.
[4] The appeal in Platz I had not yet been decided at the time the postconviction relief petition was pending in the trial court and, thus, the trial court based its res judicata finding on proceedings therein in which appellant sought to withdraw his guilty plea, in part, on the basis of ineffective assistance of trial counsel. Nevertheless, Platz I has now been decided and the issue of ineffective assistance of counsel (which was not raised in that appeal) is most assuredly res judicata.
[5] Compare R.C. 2903.11(B) and R.C. 2903.12(B).
[6] Compare R.C. 2929.14(A)(2) (4).