OPINION
{¶ 1} Plaintiff-appellant Beth Sarachman appeals from the April 21, 2004, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, in which the trial court awarded appellant spousal support but failed to make the award retroactive. Defendant-appellee is Charles Sarachman.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellant Beth Sarachman and defendant-appellee Charles Sarachman were married on April 16, 1983. Three children were born as issue of their marriage: Sara Sarachman (dob 8/29/84), Andrew Sarachman (dob 9/2/86) and Jule Sarachman (dob 3/16/92).
 {¶ 3} On May 28, 2002, appellant filed a complaint for divorce and a motion for temporary orders in the Stark County Court of Common Pleas, Family Court Division. Following a hearing for temporary orders, the Magistrate designated appellant the temporary residential parent of two of the children and designated appellee the temporary residential parent for the third child. The Magistrate ordered appellee to pay $346.87 per month, per child as temporary support. While the Magistrate failed to rule on appellant's motion for spousal support, he ordered appellant to seek six places of employment each month and report them in writing to the Stark County Child Support Enforcement Agency (CSEA).
 {¶ 4} On July 12, 2002, appellant filed a motion to set aside the Magistrate's Order. The motion noted that the Magistrate's Order failed to rule on appellant's motion for spousal support and informed the court that appellant's physician had recently advised appellant against working. On August 6, 2002, the trial court overruled appellant's motion to set aside.
 {¶ 5} On August 14, 2002, appellant filed a motion to modify temporary custody, child support and spousal support. Following a hearing on August 27, 2002, the Magistrate modified the temporary orders naming appellant the temporary custodial parent of all three of their children and ordering appellee to pay $299.72 per month, per child as temporary child support. However, the Magistrate declined to order temporary spousal support.
 {¶ 6} On August 28, 2003, appellant filed a second motion to set aside the Magistrate's Order. Appellant reiterated her previous arguments that the Magistrate should have ordered temporary spousal support and that appellant should not be required to seek six places of employment per month because of doctor's orders that she not work. On September 30, 2002, the trial court again overruled appellant's motion to set aside.
 {¶ 7} The matter proceeded to trial on the issues of spousal support and debt allocation. Thereafter, by Judgment Entry filed February 6, 2003, the trial court ordered appellee to pay $750.00 per month for spousal support for 60 consecutive months, commencing February 1, 2003. The trial court further ordered that both parties remain equally liable for their joint debts.
 {¶ 8} On February 11, 2003, appellant filed a motion for new trial and request for findings of fact and conclusions of law. The trial court ordered both parties to submit proposed findings of fact and conclusions of law by February 26, 2003. On February 27, 2003, the trial court adopted appellee's findings of fact and conclusions of law as its own and re-published its February 6, 2003, Judgment Entry as the final order in the case.
 {¶ 9} On April 2, 2003, appellant filed an amended motion for new trial. On April 7, 2003, the trial court filed a Judgment Entry and Final Decree of Divorce. Thereafter, appellee filed an amended motion for new trial. The trial court dismissed appellant's amended motion for new trial on April 11, 2003. On April 15, 2003, appellant filed a motion for new trial and a motion to vacate the April 7, 2003, Judgment Entry Final Decree of Divorce. Following a hearing, the trial court vacated the April 11, 2003, Judgment Entry as having been improvidently granted and sustained both parties' motions for new trial. The trial court set a new trial date for October 2, 2003. Meanwhile, the trial court reinstated the temporary orders pending trial.
 {¶ 10} On April 29, 2003, appellant filed a motion to modify the temporary orders. The trial court overruled appellant's motion on May 1, 2003, without conducting a hearing.
 {¶ 11} On May 15, 2003, appellant again filed a motion to modify temporary spousal support. The trial court again overruled appellant's motion without a hearing. On June 10, 2003, appellant filed another motion to modify temporary spousal support and child support. The trial court overruled the motion without conducting a hearing and ordered appellant not to file any further motions in the case without leave from the trial court.
 {¶ 12} On July 3, 2003, appellant filed a motion for leave to plead. The trial court overruled the motion. Appellant subsequently filed a disciplinary complaint against the assigned trial court judge in the Ohio Supreme Court. Thereafter, the trial court judge recused himself from the case and a visiting judge was assigned.
 {¶ 13} On October 2, 2003, the matter proceeded to a hearing before a Magistrate on the issues of spousal support and debt allocation. The Magistrate rendered a Decision on February 3, 2004. In that Decision, the Magistrate recommended that appellee pay appellant spousal support beginning April 3, 2003, and continuing thereafter for 60 months. Thereafter, appellee filed an objection to the Magistrate's Decision. On April 21, 2004, the trial court issued a Judgment Entry which adopted the Magistrate's Decision concerning all matters except the Magistrate's Decision to make spousal support retroactive to April 3, 2003. The trial court ordered that spousal support would begin as of February 3, 2004. It is from the trial court's Decision that appellant appeals, raising the following assignment of error:
 {¶ 14} "A Trial court's judgment overruling a magistrate's decision must be reveresed when the basis for the trial court's ruling is erroneous as a matter of law, the trial court relied on facts not in the record and/or a trial court failed to comply with state law."
 {¶ 15} This appeal arises from an award of spousal support. A trial court has broad discretion when determining if and in what amount spousal support is appropriate. Neville v. Neville, 99 Ohio St.3d 275,2003-Ohio-3624, 791 N.E.2d 434; Stevens v. Stevens (1986),23 Ohio St.3d 115, 120, 492 N.E.2d 131. Thus, this court must review the trial court's decision for an abuse of discretion. Id. The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Thus court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597. Further, this court should not independently review the weight of the evidence but should be guided by the presumption that the trial court's findings are correct. Miller v.Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
 {¶ 16} This matter reached the trial court upon objections filed by the parties to a Magistrate's Decision which awarded spousal support from the date of the initial, first final hearing in the case. When objections to a magistrate's decision are filed, the trial court may adopt, modify, or reject the magistrate's decision. Civ. R. 53(E)(4); Quick v.Kwiatkowski, Montgomery App. No. 18620, 2001-Ohio-1498. The appropriate standard of review for a trial court in ruling on objections to a magistrate's decision is de novo. Quick, supra.
 {¶ 17} Appellant first contends that the trial court modified the Magistrate's Decision regarding retroactive spousal support because the trial court did not believe that there was legal precedent to support the Magistrate's ruling. We find no grounds for reversal.
 {¶ 18} Generally, a court speaks only through journalized entries, not oral pronouncements. State ex rel. Marchall v. Glavis, 98 Ohio St.3d 297,2003-Ohio-857, 784 N.E.2d 97. The Ohio Supreme Court has stated that "[a] commentary from the bench, leading up to pronouncement of a decision, is [not] adequate to provide a disappointed party a solid basis on which to ground an appeal." In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 173,492 N.E.2d 146, fn. 3.
 {¶ 19} The trial court's Judgment Entry does not demonstrate that the trial court modified the Magistrate's Decision regarding retroactive spousal support because the trial court did not believe that there was legal precedent to support the Magistrate's Decision. Rather, the trial court's Judgment Entry gives no reasons for modifying the Magistrate's Decision.
 {¶ 20} Appellee cites this court to decisions which have held that when a judgment below gives no indication whatsoever as to the trial court's basis for ruling, a reviewing court must then resort to examining the entire proceedings, including the transcript with the trial judge's comments. See Wilkin v. Wilkin (1996), 116 Ohio App.3d 315, 688 N.E.2d 27
(citing Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 95,551 N.E.2d 172, 173-174; A.B. Jac., Inc. v. Liquor Control Comm. (1972),29 Ohio St.2d 139, 280 N.E.2d 371 at paragraph two of the syllabus). However, in this case, even if this court were to consider the trial court's oral pronouncements at the hearing, they do not demonstrate that the trial court modified the Magistrate's Decision concerning retroactive spousal support because the trial court did not believe that there was legal precedent to support the Magistrate's Decision. The transcript of proceedings reveals that the parties and the trial court discussed the issue of whether spousal support payments can be made retroactive to the date of a first, final hearing in a matter. Admittedly, the trial court stated that it had concerns as to whether it was appropriate to choose such a date. Transcript of Proceedings, April 11, 2004, pgs. 18-19. However, it is clear that the trial court made no decision at that hearing. The trial court asked each party if they had any law to support their position on this question. When both parties' counsel stated that they did not, the trial court granted both parties an opportunity to research the question and provide any law that they found to address this issue. It is clear from the record that the trial court took the matter under advisement and made no decision at that time. As such, there is nothing in the record from which to conclude that the trial court held that there was no legal precedent to support choosing the date of the first final hearing as an appropriate date to start spousal support.
 {¶ 21} Second, appellant contends that it appears that the trial court based its decision on facts that were not in the record. Specifically, appellant refers to an assertion at the hearing by appellee's counsel that temporary spousal support was never ordered because appellee was paying the parties' debt. On appeal, appellant asserts that there is nothing in the record to support that contention and the trial court "may have" relied upon appellee's contention.
 {¶ 22} However, once again, whether the trial court relied upon this contention is a matter of speculation, at best. As noted previously, the trial court gave no indication of its reasons for modifying the Magistrate's Decision. Further, even if this Court were to consider the oral discussion at the hearing, the trial court made no indication at the hearing that it relied upon appellee's counsel's assertion. In fact, immediately after appellee's counsel made the suggestion, appellee's counsel admitted to the trial court that there was nothing in any Order stating that the payment of debts was ordered in lieu of spousal support. Transcript of Proceedings, pg. 17-18. Thus, there is nothing in the record to support appellant's contention.
 {¶ 23} Third, appellant asserts that the record fails to indicate that the trial court considered the factors contained in R.C. 3105.18 before it modified the Magistrate's spousal support order. However, the trial court adopted the Magistrate's Decision and that Decision contained a statement that the R.C. 3105.18 factors were considered and included several factual findings regarding those factors. Accordingly, we find no merit to appellant's contention.
 {¶ 24} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 25} The Judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Edwards, J. Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas Family Court Division is affirmed. Costs assessed to appellant.