[Cite as *State v. Taylor-Hollingsworth*, 2025-Ohio-3084.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 25AP-156 |
| | | (C.P.C. No. 18CR-4855) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Richard J. Taylor-Hollingsworth, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 28, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Richard J. Taylor-Hollingsworth*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Defendant-appellant, Richard J. Taylor-Hollingsworth, appeals the judgment of the Franklin County Court of Common Pleas denying his motion for withdrawal of guilty plea. For the following reasons, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 28, 2018, appellant was indicted by a Franklin County Grand Jury for the following offenses: Count 1, aggravated robbery, a violation of R.C. 2911.01, a felony of the first degree; Count 2, felonious assault, a violation of R.C. 2903.11, a felony of the second degree; and Count 3, having weapons while under disability, a violation of R.C. 2923.13, a felony of the third degree. Counts 1 and 2 included firearm and repeat violent offender specifications in violation of R.C. 2941.145(A) and 2941.149(A), respectively.

{¶ 3} On October 10, 2018, appellant entered into a plea agreement wherein he pled guilty to Counts 1 and 2, along with the accompanying firearm specifications. In exchange, Count 3 and all remaining specifications were dismissed. As a result, he was sentenced to a total of 16 years in prison.

{¶ 4} Appellant appealed and on January 30, 2020, this court found that the trial court plainly erred during the plea colloquy by failing to advise appellant that the sentence included a mandatory term of post-release control. *State v. Taylor-Hollingworth*, 2020-Ohio-278 (10th Dist.). Accordingly, we vacated appellant's plea and remanded the matter back to the trial court.

{¶ 5} On March 29, 2021, appellant entered into a plea agreement wherein he pled guilty to three stipulated lesser included offenses of the indicted charges. However, prior to sentencing, appellant requested to withdraw his guilty plea, which was granted by the trial court.

{¶ 6} On August 10, 2022, appellant again entered into a plea agreement wherein he pled guilty to Counts 1 and 2 with the accompanying firearm specifications. In exchange, Count 3 and all remaining specifications were dismissed.

{¶ 7} At one point during its colloquy, the trial court misspoke and stated, "[t]he plea form indicates at this time that you would like to change your plea from not guilty to guilty to Count 1, aggravated robbery as a felony of the third degree . . ." (Aug. 10, 2022 Tr. 11.) At all other times during the hearing, appellant was accurately advised that he was pleading guilty to aggravated robbery, a felony of the first degree. Appellant was accurately advised of the potential maximum penalties. Ultimately, the trial court accepted appellant's guilty pleas as knowing, intelligent, and voluntary, and found appellant guilty of Counts 1 and 2. At the conclusion of the hearing, the trial court sentenced appellant to 16 years in prison.

{¶ 8} Appellant appealed his sentence, alleging that the trial court failed to merge Counts 1 and 2. In affirming appellant's sentence, this court found that Counts 1 and 2 were not allied offenses of similar import. *State v. Taylor-Hollingsworth,* 2023-Ohio-4435 (10th Dist.). Appellant did not raise any claims about the legitimacy of his guilty pleas.

{¶ 9} On August 13, 2024, appellant filed a motion for resentencing, arguing that the trial court failed to properly impose post-release control, among other claims. The trial court denied that motion.

{¶ 10} On December 19, 2024, appellant moved the trial court to allow him to withdraw his guilty pleas.  The basis for his request was the trial court's misstatement of the degree of his aggravated robbery charge.  In a judgment entry filed January 3, 2025, the trial court denied appellant's motion.

{¶ 11} Appellant now brings this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 12} Appellant assigns the following as trial court errors:

> [1.] The Trial Court Erred When It Allowed The Appellant To Accept A Plea That Was Not Made Voluntarily Willingly or Intelligently.

> [2.] The Trial Court Abused Its Discretion When It Denied Appellants Request To Withdraw His Guilty Plea Without A Hearing.

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 13} The applicability of res judicata is a question of law we review de novo.  *State v. Braden*, 2018-Ohio-1807, ¶ 10 (10th Dist.).  "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' "  *State v. Anderson*, 2016-Ohio-1089, ¶ 7 (10th Dist.), quoting *State v. Jackson*, 2014-Ohio-3707, ¶ 92.

{¶ 14} On the other hand, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Crim.R. 32.1.  The first consideration for a trial or appellate court is whether the claims raised in the motion to withdraw a guilty plea are barred by res judicata.  *State v. Reynolds*, 2002-Ohio-2823, ¶ 27 (3d Dist.).  Only if the claim is not barred by res judicata should the court proceed to the manifest-injustice standard.  *Id.*  To overcome the res judicata bar, the defendant must offer competent, relevant, and material evidence, outside the trial court record, to demonstrate that the defendant could not have appealed the claim based upon information in the original trial record.  *State v. Young*, 2006-Ohio-

1165, ¶ 20 (10th Dist.); *State v. Braden*, 2003-Ohio-2949, ¶ 27 (10th Dist.); *State v. Price*, 2024-Ohio-5823, ¶ 17.

{¶ 15} A trial court may grant a post-sentence motion to withdraw a guilty plea only upon a showing of manifest injustice. *State v. Little*, 2022-Ohio-1295, ¶ 9 (10th Dist.). The burden is on the defendant to establish manifest injustice. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." (Citation omitted.) *State v. Chandler*, 2013-Ohio-4671, ¶ 6 (10th Dist.). Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 2009-Ohio-2657, ¶ 6 (10th Dist.), quoting *State v. Price*, 2008-Ohio-3583, ¶ 11 (4th Dist.). Moreover, a hearing on a motion to withdraw a guilty plea is only required if the defendant establishes " 'a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice.' " *State v. Rembert*, 2017-Ohio-1173, ¶ 20 (10th Dist.), quoting *State v. Whitmore*, 2008-Ohio-2226, ¶ 11 (2d Dist.).

{¶ 16} A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, which resolves the good faith, credibility, and the weight of the defendant's assertions in support of the motion. *Little* at ¶ 10. An appellate court reviews a trial court's denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Conteh*, 2009-Ohio-6780, ¶ 16 (10th Dist.). The trial court has "great discretion" in assessing the credibility of the evidence and assertions offered in support of a Crim.R. 32.1 motion. *State v. Barrett*, 2011-Ohio-4986, ¶ 11 (10th Dist.). A trial court's decision on a motion to withdraw a guilty plea will only be reversed where the decision is unreasonable, arbitrary, or unconscionable, including one based on an error of law. *Chandler* at ¶ 8.

## IV. LEGAL ANALYSIS

{¶ 17} Because appellant's assignments of error are related, we will address them together. In his first assignment of error, appellant alleges that the trial court erred in accepting his guilty plea when it was not made voluntarily, willingly, or intelligently. In his second assignment of error, he argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea without a hearing. Both claims focus on the fact that at one point during the plea hearing, the trial court stated he would be pleading guilty to aggravated robbery, a felony of the third degree, instead of a felony of the first degree.

{¶ 18} The trial court denied appellant's motion on two separate bases. First, it found that appellant's claims were barred by res judicata. "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea." *State v. Morris*, 2019-Ohio-3795, ¶ 13 (10th Dist.). A defendant cannot rely on evidence that was in existence at the time of his or her direct appeal in support of a subsequent Crim.R. 32.1 motion. *State v. Enyart*, 2024-Ohio-4802, ¶ 11 (10th Dist.), citing *State v. Murphy*, 2015-Ohio-4282, ¶ 16 (10th Dist.).

{¶ 19} Appellant has raised no evidence that is outside of the trial record as required by *Price*. Here, the evidence that appellant relies upon is a single misstatement by the trial court during its colloquy in which it inaccurately refers to Count 1 as a felony of the third degree. This misstatement was in the trial transcript and clearly could have been raised in appellant's direct appeal, but it was not. Furthermore, although it would have been barred by res judicata, appellant failed to raise this issue in his August 13, 2024 petition for postconviction relief. Although appellant insinuates that trial counsel promised him that he would be found guilty of a lesser-degree of robbery, that is belied by the record before us. (Appellant's Brief at 15.) Thus, the trial court correctly determined that appellant's motion to withdraw his guilty plea was barred by res judicata.

{¶ 20} Even if appellant's claims were not barred by res judicata, he failed to sustain his burden of establishing a reasonable likelihood that the withdrawal was necessary to correct a manifest injustice. Therefore, it was within the trial court's discretion to deny his Crim.R. 32.1 motion without holding a hearing. As previously stated, appellant's sole basis for his request to withdraw his guilty pleas is that the trial court inaccurately advised him at one point that he was pleading guilty to a felony of the third degree. However, at every other point in the hearing, appellant was advised he was pleading guilty to a felony of the first degree and was accurately advised of the potential penalties. It should also be noted that the plea documents signed by appellant indicated he was pleading guilty to aggravated robbery, a felony of the first degree. (Mar. 1, 2023 Entry of Guilty Plea at 1.)

{¶ 21} Furthermore, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d 261, at paragraph three of the syllabus. Here, the plea

hearing was held on August 10, 2022. Appellant did not file his motion to withdraw his guilty pleas until December 19, 2024, over two years later. It stands to reason that had appellant truly been surprised by his first-degree felony conviction, he would have filed his motion far sooner.

{¶ 22} It should also be noted that appellant's argument solely relies on an oral pronouncement from the trial judge which was "subject to revision before journalization. See *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 492 N.E.2d 146, fn. 3, quoting *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625 (" 'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum' "); see, also, *Wilkin v. Wilkin* (1996), 116 Ohio App.3d 315, 318, 688 N.E.2d 27 ("court will not ordinarily review a courtroom discussion on a legal principle which was not carried over into the judgment entry")." *State ex rel. Marshall v. Glavas*, 2003-Ohio-857, ¶ 5. Here, during the colloquy, appellant raised no objections or any inquiries as to the court's statements. Also, each of the court's judgment entries, including the plea forms signed by appellant, all stated that appellant pled guilty to aggravated robbery, a felony of the first degree. Thus, appellant's claim, two years later, that he was pleading guilty to a felony of the third degree is not supported by the record.

{¶ 23} Further, Ohio courts have held that a single misstatement by the trial court during a plea colloquy does not rise to the level of a manifest injustice where the record does not demonstrate that the defendant was prejudiced. In *State v. Arnwine*, 2022-Ohio-3186, ¶ 11 (3d Dist.), the trial court mistakenly advised the defendant that the prison sentences she faced were not mandatory when in fact they were. In upholding the trial court's denial of the defendant's motion to withdraw her plea, the appeals court emphasized that at other points in the hearing, the defendant was advised of the mandatory nature of the sentence and the written plea agreement stated that prison was mandatory. *Id.* Furthermore, the defendant was not prejudiced by the misstatement. *Id.* at ¶ 12. At no point during the hearing did the defendant question the misstatement. *Id.* The defendant did not file her motion until three- and one-half months after sentencing. *Id.*

{¶ 24} This case is analogous to *Arnwine*. Here, at one point during the plea colloquy, the trial court mistakenly stated that appellant was pleading guilty to aggravated robbery, a felony of the third degree. However, just like in *Arnwine*, at all other points in the hearing and on the plea paperwork, appellant was accurately advised of the charges to

which he was pleading guilty and the potential penalties.  Furthermore, just like the defendant in *Arnwine*, appellant did not question the trial court's mistake during the hearing. He indicated that he understood what he was pleading guilty to and the consequences of doing so.  In fact, appellant's argument is arguably weaker than the defendant's in *Arnwine*.  Here, appellant filed his motion over two years after the sentencing hearing.  This is far longer than the three-and-one-half-month delay that the court held against the defendant in *Arnwine*.  Given the nearly identical nature of this case and *Arnwine*, it follows that the same result should be reached here.

{¶ 25} Based on the foregoing, we find that appellant's claims were barred by res judicata.  Even if they were not, appellant failed to establish a reasonable likelihood that withdrawal of his guilty pleas was necessary to correct a manifest injustice.  We therefore overrule both of appellant's assignments of error.

## V.  CONCLUSION

{¶ 26} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LELAND, J., concurs.
EDELSTEIN, J., concurs in part and concurs in judgment.

EDELSTEIN, J., concurring in part and concurring in judgment.

{¶ 27} I agree with the majority decision's conclusion that the claims raised in appellant's motion to withdraw his guilty pleas are barred by res judicata because, despite being apparent to him at the time of the plea hearing, they were not raised on direct appeal. I also agree with the majority decision's determination that appellant has failed to establish a reasonable likelihood that permitting him to withdraw his guilty plea years after he was sentenced is necessary to correct a manifest injustice.  Therefore, I concur with ***nearly*** all of the majority decision.  However, I decline to join the decision with respect to the first part of paragraph 23.  I write separately to express my concern with what I believe is an overbroad application of a general principle.

{¶ 28} The majority decision correctly states that a trial court generally speaks through its journal entries and a single misstatement during a hearing that does not carry over into the judgment entry will not generally result in reversal.  However, I disagree with the majority decision's application of this principle to our review of a trial court's denial of

a motion to withdraw a guilty (or no contest) plea that is predicated on the trial court's alleged failure to substantially comply with the requirements of Crim.R. 11.

{¶ 29} Pursuant to Crim.R. 11, a trial court may not accept a guilty (or no contest) plea from a criminal defendant without first addressing the defendant personally, informing him of the consequences, and determining that he understands the consequences of his guilty plea. *See, e.g.*, *State v. Franks*, 2005-Ohio-462, ¶ 8 (10th Dist.). A guilty (or no contest) plea that is not entered knowingly, intelligently, or voluntarily creates a manifest injustice entitling a defendant to withdraw a guilty plea. *See id.* at ¶ 6, citing *State v. Williams*, 2004-Ohio-6123, ¶ 5 (10th Dist.), citing *State v. Bush*, 2002-Ohio-6146, ¶ 11 (3d Dist.), and *State v. Beck*, 2003-Ohio-5838, ¶ 8 (1st Dist.).

{¶ 30} To ensure a plea is knowingly, intelligently, and voluntarily made, a "trial judge must engage the defendant in a colloquy ***before*** accepting his or her plea." (Emphasis added.) *State v. Clark*, 2008-Ohio-3748, ¶ 26. "[I]n conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id. See also State v. Poage*, 2022-Ohio-467, ¶ 10 (8th Dist.) (observing that "[i]n order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an ***oral dialogue*** with the defendant in accordance with Crim.R. 11(C)") (emphasis added); *State v. Phillips*, 2025-Ohio-1235, ¶ 15 (10th Dist.), quoting *State v. Ballard*, 66 Ohio St.2d 473, 478 (1981) (holding that " '[a] guilty plea is *constitutionally infirm* when the defendant is not informed in a reasonable manner ***at the time of entering his guilty plea*** of his rights" as set forth in Crim.R. 11(C)). (Emphasis in original and added.)

{¶ 31} It follows, then, that the focus of a reviewing court's inquiry in cases involving a defendant's timely motion to withdraw his guilty (or no contest) plea ***must*** be on the content of the plea colloquy itself. Indeed, whether a defendant knowingly, intelligently, and voluntarily entered a plea can ***only*** be determined by reviewing what advisements the trial court gave the defendant at the time the plea was entered—not after. *See, e.g.*, *State v. Tancak*, 2023-Ohio-2578, ¶ 16 (Brunner, J., dissenting), citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16, *Clark* at ¶ 26, *State v. Miller*, 2020-Ohio-1420, ¶ 19, and *State v. Dangler*, 2020-Ohio-2765, ¶ 12 (explaining a reviewing court's focus is on "whether the ***dialogue*** between the court and the defendant demonstrates that the defendant understood the consequences of his plea"). (Emphasis added.) Thus, to determine whether the defendant

was sufficiently misinformed of the degree of his charge such that his plea was not knowing, intelligent, and voluntary, we must consider the totality of the trial court's comments regarding his charges and maximum sentence, the plea agreement itself, and his communications with his attorney as documented on the record.[1] *See, e.g.*, *State v. Young*, 2018-Ohio-4892, ¶ 15 (8th Dist.); *State v. Davis*, 2007-Ohio-3944, ¶ 29 (4th Dist.) ("A trial court's misstatements regarding the nature of the charge during a plea hearing do not always invalidate a plea. Generally, the courts have upheld pleas even though the trial court supplied the defendant with incorrect information, mischaracterizations, or misstatements when the erroneous statement occurred in isolation or when the written plea agreement contained the correct information.").

{¶ 32} Therefore, while I agree that courts generally speak through their journal entries, I disagree with the premise that a guilty plea predicated on erroneous information can later be corrected through an accurate journal entry, as the majority decision suggests. Nonetheless, in this case, it is clear the trial court corrected itself ***during*** the plea hearing and appellant was properly advised of the charges in the written plea agreement that he signed while represented by counsel. Thus, I agree with the majority decision's ultimate determination that appellant has not demonstrated his guilty pleas were entered unknowingly, unintelligently, and involuntarily and, as a result, has failed to establish that withdrawal of his guilty pleas after sentencing is necessary to correct a manifest injustice.

————————————

---

[1] However, "[n]ot all advisements under Crim.R. 11 are treated equally. For example, '[w]hen a trial judge fails to explain the constitutional rights set forth in Crim. R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *Tancak*, 2023-Ohio-2578, at ¶ 17 (Brunner, J., dissenting).