THE STATE EX REL. MARSHALL, APPELLANT, *v.* GLAVAS, JUDGE, APPELLEE.

[Cite as *State ex rel. Marshall v. Glavas,*
98 Ohio St.3d 297, 2003-Ohio-857.]

(No. 2002–1416—Submitted January 7, 2003—Decided March 12, 2003.)

**Per Curiam.**

{¶ 1} In January 2001, the Lorain County Court of Common Pleas convicted appellant, Fredrick Marshall, of domestic violence, abduction, felonious assault, and firearm specifications, and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Marshall* (Dec. 26, 2001), Lorain App. No. 01CA007773, 2001 WL 1647706.

{¶ 2} In February 2002, Marshall moved to correct and amend certain journal entries issued by the common pleas court during his trial in November 2000 so that they accurately reflect the proceedings. Appellee, Judge Kosma J. Glavas, denied the motion.

{¶ 3} In March 2002, Marshall filed a complaint in the court of appeals for a writ of mandamus to compel Judge Glavas to correct his November 2000 entries. Judge Glavas moved to dismiss the petition. In July 2002, the court of appeals granted Judge Glavas's motion and dismissed the petition.

{¶ 4} In his appeal as of right, Marshall asserts that the court of appeals erred in dismissing his petition. We find Marshall's appeal to be meritless. Contrary to Marshall's assertion, Judge Glavas never erroneously specified in his November 14, 2000 journal entry that it was *Marshall's* motion to quash a subpoena duces tecum that was being denied.

{¶ 5} Marshall further asserts that a November 15, 2000 entry by the trial court erroneously fails to reflect certain rulings, made from the bench the previous day, that it would call the alleged victim as a witness of the court pursuant to Evid.R. 614(A). But any oral pronouncements by Judge Glavas were subject to revision before journalization. See *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 492 N.E.2d 146, fn. 3, quoting *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625 (" 'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum' "); see, also, *Wilkin v. Wilkin* (1996), 116 Ohio App.3d

315, 318, 688 N.E.2d 27 ("court will not ordinarily review a courtroom discussion on a legal principle which was not carried over into the judgment entry").

{¶ 6} Finally, Marshall had adequate remedies to raise his claims by appeal and correction or modification of the trial court record pending appeal under App.R. 9(E). *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 564, 664 N.E.2d 930; *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194; but, cf., *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183 (mandamus will issue to require a court to correct an *incorrect* journal entry), limited to its facts by *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 17, 661 N.E.2d 170. In fact, Marshall previously raised some of these claims in his unsuccessful direct appeal from his criminal conviction and sentence. Mandamus is not a substitute for an unsuccessful appeal. *State ex rel Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332.

{¶ 7} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———————

Fredrick Marshall, pro se.

Gregory A. White, Lorain County Prosecuting Attorney, and M. Robert Flanagan, Assistant Prosecuting Attorney, for appellee.