DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas wherein appellant, Charles W. Polinski, was found guilty of one count of theft of drugs, a violation of R.C. 2913.02(A)(1) and (B)(6), a felony of the fifth degree, and one count of breaking and entering, a violation R.C. 2911.13(A), a felony of the fifth degree. Appellant appeals this judgment and asserts that the following errors occurred in the proceedings below:
 {¶ 2} "Appellant received ineffective assistance of counsel when his trial counsel failed to sever the charges in this matter, failed to object to other acts evidence and misstated the law several times throughout trial."
 {¶ 3} "The trial court committed plain error in allowing hearsay statements, in violation of Evid. R. 802, relating to the possession of criminal tools charge."
 {¶ 4} Prior to any discussion of the merits of appellant's assignments of error, we must first address a jurisdictional matter. In the case before us, the indictment charged that on January 3, 2002, appellant broke into and entered a CVS Pharmacy located at Lewis Avenue and Alexis Road in Toledo, Lucas County, Ohio, and took "large amounts of prescription drugs." This case was denominated in the lower court as Case No. G-4801-02-01070 and also referred to as case number "1070B." Additionally, all of the documents in the record of this cause are designated as either "Case No. CR02-1070B." or "Case No. G-4801-CR-200220170."
 {¶ 5} The indictment also contained charges alleging that appellant broke into and entered two other pharmacies on different occasions and stole prescription drugs, as well as a charge of aggravated possession of dangerous drugs.[1] A charge of possession of criminal tools is not included in that indictment. Nonetheless, all of the charges were tried together with the charge of possession of criminal tools being referred to as case number "02-3126." The jury returned not guilty verdicts on all counts in the indictment[2] except the breaking and entering and drug theft that occurred at CVS Pharmacy on January 3, 2002.
 {¶ 6} The jurors also found appellant guilty on the possession of criminal tools charge. Nevertheless, the trial court's entry of the jury's verdicts does not mention the finding of guilty on the possession of criminal tools charge. At the sentencing hearing, the trial judge sentenced appellant to 11 months in prison on each of the three counts, including possession of criminal tools, and ordered the sentences to be served concurrently. In his judgment entry, however, the trial judge held:
 {¶ 7} "It is ORDERED that defendant serve a term of 11 months in prison as to Count One [breaking and entering] and a term of 11 months in prison as to Count Four [theft] to be served concurrent to one another and to the sentence imposed in CR 2002-3126."
 {¶ 8} Appellant filed a notice of appeal only from the guilty verdicts and sentences imposed in Case No. G-4801-CR-0200201070.
 {¶ 9} It is axiomatic that a court speaks only through is journal entries and not by oral pronouncement. State ex rel. Marshall v. Glavas,98 Ohio St.3d 297, 2003-Ohio-857, at ¶ 5 (Citations omitted.) Consequently, because the trial court journalized only those written guilty verdicts and sentences related to Case No. G-4801-CR-0200201070 and appellant appealed only from that case number, we lack the jurisdiction to consider appellant's second assignment of error relating to his conviction for possession of criminal tools. See App.R. 3(D) and App.R. 4(A).
 {¶ 10} In his first assignment of error, appellant maintains that he received ineffective assistance of trial counsel in violation of the Sixth
Amendment to the Constitution of the United States. The facts relevant to a disposition of this assignment of error are as follows.
 {¶ 11} During the early morning hours of January 3, 2002, the alarm in a CVS
 {¶ 12} Pharmacy located at Lewis Avenue and Alexis Road sounded. When the police, who were currently investigating a rash of thefts of prescription drugs from local pharmacies, arrived at the store, they discovered that someone had pried open the rear door, entered the store, and taken drugs from the pharmacy.
 {¶ 13} Approximately 45 minutes later, police officers, who had received a description of a suspicious automobile (and the driver of that auto) in the vicinity of the CVS drugstore, saw a motor vehicle matching the description in the parking lot of the Rite Aid Store on the corner of Lewis Avenue and Sylvania Avenue. The car left the lot at a high rate of speed and failed to halt at a stop sign. The officers followed the automobile and "pulled it over." Mark Ernst, the driver of the car, did not have a driver's license. In addition, after running a computer check, the officers learned that the license plates on the vehicle were stolen plates. They also discovered that arrest warrants were pending against both Ernst and his front seat passenger. Polinski, who was in the back seat of the vehicle, was not the subject of any warrants.
 {¶ 14} During the stop, officers noticed a crowbar/pry bar laying on the floor in the rear of the vehicle. Appellant claimed that it was his crowbar. The officers also observed a plastic trash bag, smaller baggies, and a marker in the automobile in addition to bandanas and heavy gloves. They arrested Ernst and the front seat passenger and seized the motor vehicle. Appellant was released when they arrived at the police station. He was allowed to take all of the items in the car, except the crowbar, with him.
 {¶ 15} While being questioned by a detective, Ernst confessed that he committed "numerous pharmacy break-ins" and executed a written statement listing those pharmacies and his accomplices. Appellant was listed as one of those individuals. In the meantime, appellant returned to the police station to bail Ernst out of jail. Instead, he was placed under arrest. All items were seized from the motor vehicle, which was owned by Ernst.
 {¶ 16} At appellant's trial, Ernst, who was serving time in prison for his role in committing the charged offenses, gave testimony relative to the three charged pharmacy break-ins and thefts committed by himself and Polinski. He also provided testimony concerning other similar offenses, including a second, previous break-in and theft at the CVS located at Lewis Avenue and Alexis Road that were perpetrated by the pair. The men always wore gloves and stocking caps or ski masks and executed the break-ins and thefts during the early morning hours. Using two-way radios, one man would stand watch. The other man would either smash a window of a pharmacy or pry open a rear door with a crowbar and, as the alarm sounded, grab as many narcotic/painkilling drugs as possible and put them in a "garbage bag." Baggies were then used to separate the different types of drugs.
 {¶ 17} Ernst further testified that he and appellant, using the same plan or scheme, broke into and took prescription drugs from a pharmacy in Taylor, Michigan. In that instance, appellant stood watch in the motor vehicle, and Ernst broke the window of the pharmacy with a rock and took the drugs.
 {¶ 18} In his testimony John Marimpietri, a law enforcement officer for the city of Taylor, stated that he and another officer responded to the alarm. When they arrived on the scene, they saw someone sitting in a silver "Grand Am." Due to the fact that it was the only vehicle on that street at 5:30 a.m., the officers suspected that it might have some connection to the break-in. The suspicious car was then driven to within a few hundred yards from the pharmacy. At this point, the officers received a call from dispatch to inform them that a witness saw a silver Grand Am near the pharmacy at the time of the alarm and that he observed someone come out of the smashed window of that building.
 {¶ 19} The officers initiated a stop of the silver Grand Am and ordered appellant out of the motor vehicle. They patted him down, cuffed him, and put him in their patrol car. Upon looking at the interior of the Grand Am, the officers saw a pipe, a pair of binoculars, gloves, two bandanas, a flashlight, and at least one camera. They then arrested appellant for the break-in and for possession of breaking and entering tools.
 {¶ 20} The officers proceeded to inventory the contents of the car's trunk. A duffel bag contained a crowbar, a small sledgehammer, a box of rubber gloves and a box of trash bags. Apparently, during this stop and search, Ernst was not discovered and fled the scene. He was arrested several hours later.
 {¶ 21} Officer Marimpietri testified that appellant admitted that he and Ernst were involved in the break-in at the Taylor, Michigan Pharmacy. Appellant claimed, however, that he was just the "lookout" and/or "getaway driver." He subsequently pled guilty to a charge of breaking and entering and was on community control at the time of his arrest in the present case.
 {¶ 22} As noted infra, appellant was found guilty only on the one count of breaking and entering the CVS Pharmacy on January 3, 2002, and one count of theft of drugs. He first argues that his trial counsel was ineffective because he failed to file a motion to sever the four other counts of breaking and entering (two counts) and theft of drugs (two counts) that arose from the two incidents involving other pharmacies.
 {¶ 23} Appellant reasons that severing the other counts would have precluded any evidence of "other acts," in particular, the Taylor, Michigan break-in and theft, from being offered at his trial. Appellant bases this argument on the fact that in the instant case a crowbar was employed to gain entry to the pharmacy while in the Taylor case and the other four charges of breaking and entering and theft of drugs in the present case, a rock was used to smash the window of the pharmacies. Appellant also contends that this cause is distinguishable from the Taylor case because appellant only drove the "getaway car" in that case and entered the pharmacy in the case under consideration.
 {¶ 24} Thus, appellant raises two intertwined issues, to wit: Trial counsel was ineffective because (1) he failed to file a motion to sever the counts in the complaint; and (2) he failed to object to the other acts evidence offered by the prosecution.
 {¶ 25} The United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth
Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. Statev. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 26} With regard to the question of whether appellant's trial counsel abrogated any duty to his client by not filing a motion to sever, we conclude that such failure, if any, was not prejudicial to appellant's case because the "other acts" evidence was, in any event, admissible into evidence.
 {¶ 27} Even though Evid.R. 404(B) prohibits the admission of "other acts" evidence (including evidence of the commission of other crimes) for the purpose of establishing a particular character trait, the evidence is admissible if it is "related to and share[s] common features with the crime in question * * *." State v. Lowe (1994), 69 Ohio St.3d 527, 531. Therefore, Evid. R. 404(B) permits admissibility of other crimes to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." State v. Jamison (1990),49 Ohio St.3d 182, 185.
 {¶ 28} Contrary to appellant's argument, we find that neither the fact that a crowbar was used to gain entry in this cause and a rock was used to gain entry in the Taylor case nor the fact that appellant committed the actual break-in and theft in this case and acted as the lookout in the Taylor case renders the two cases so dissimilar that the prosecution could not offer evidence from the Taylor case to demonstrate the plan or scheme used by appellant and Ernst in carrying out their theft of drugs from the CVS Pharmacy on January 3, 2002.
 {¶ 29} Moreover, on the record of this case, particularly on the testimony of Ernst and the law enforcement officers who took part in the search for and apprehension of Ernst and Polinski, the jury had sufficient evidence before it upon which to conclude that Polinski was guilty of breaking and entering into the CVS Pharmacy on January 3, 2002, and stealing prescription drugs. Thus, even absent the evidence of the Taylor case, the outcome of the trial would not have been different and appellant suffered no prejudice due to any purported failure of his attorney to file a motion to sever or to object to the "other acts" evidence offered at his trial.
 {¶ 30} Next appellant contends that trial counsel was ineffective because he misstated the law by focusing on the need for evidence corroborating Ernst's testimony. Appellant also asserts that the trial judge exacerbated this error by mentioning the necessity for corroborative evidence.
 {¶ 31} Initially, we note that appellant cites to the wrong statute, R.C. 2923.01(H)(2), to support his contention. This statutory provision applies only in those cases where the accused is charged with conspiracy. Id. ("If the person with whom the defendant allegedly has conspired testifies against the defendant in a case in which the defendant ischarged with conspiracy * * *.") The section applicable to this cause is R.C. 2923.03(D), which governs accomplice testimony.
 {¶ 32} We agree with appellant that R.C. 2923.03(D) no longer requires corroboration of accomplice testimony. See State v. Turpin, 8th Dist. No. 82658, 2003-Ohio-4955, at ¶ 22. Instead, this statute requires the trial judge to provide the jury with the following cautionary instruction:
 {¶ 33} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 34} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 35} Nonetheless, despite our agreement with appellant on this issue, we find that any failure of trial counsel in either indicating that corroboration of Ernst's testimony was necessary or in failing to object to the preliminary instructions given to the jury at the start of trial was not prejudicial to appellant's cause. First, the requirement of corroboration would actually require the prosecution to meet a higher standard as to accomplice testimony. Second, the trial court cured any error by charging the jury with the cautionary instruction set forth in R.C. 2923.03(D). Accordingly, we find that appellant was not deprived of effective assistance of counsel, and appellant's first, and now only, assignment of error is found not well-taken.
 {¶ 36} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs, pursuant to App.R. 24, of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.
[1] This charge was later dismissed.
[2] Despite the fact that they were charged in the same indictment as Case No. CR021-070B/Case No. G-4801-CR-200220170, the break-ins and thefts involving the two other pharmacies also had a different case number.