[Cite as *State v. Cunningham*, 2021-Ohio-795.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2021-P-0018** |
| ERIK A. CUNNINGHAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2019 CR 00022.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald J. Malarcik* and *John P. Stiles,* 121 S. Main Street, Suite 520, Akron, OH 44308 (For Appellants).

MARY JANE TRAPP, P.J.

{¶1}  Appellant, Erik A. Cunningham, through counsel, filed a Notice of Appeal on February 12, 2021.  The notice indicates that he appeals from a January 14, 2021 judgment entry, but no entry is attached.  Instead, he attaches an incomplete and uncertified copy of a transcript from a January 14, 2021 "Motion to Suppress" hearing in

the matter of *State of Ohio v. Erik A. Cunningham*, Case No. 2019 CR 00022, in the Portage County Court of Common Pleas.

{¶2} Also attached to the Notice of Appeal is a copy of a "Motion for Findings of Facts and Conclusions of Law" that appellant filed in Case No. 2019 CR 00022 on January 27, 2021.

{¶3} Additionally, in a document captioned as "DESCRIPTION," attached to the notice, appellant indicates that the trial court overruled his written motion to appoint a special master to review privileged communications. However, the trial court docket reflects that the court has not issued a written judgment entry to date reflecting the foregoing ruling.

{¶4} The Ohio Constitution gives courts of appeals authority over final orders of trial courts. Ohio Constitution, Article IV, Section 3(B)(2).

{¶5} Moreover, final orders must be in writing. Oral pronouncements by a trial court judge do not constitute final appealable orders because they are subject to revision before journalization. *State ex. rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. "'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.'" *Id.*, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus.

{¶6} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶7} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(1)-(4).

{¶15} Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107, 202 N.E.2d 695 (1964), quoting *State v. Bevacqua*, 147 Ohio St. 20, 22, 67 N.E.2d 786 (1946).

{¶16} Here, there is no disposition of the matter below, and the trial court has merely made an oral pronouncement of a ruling during a hearing that is not a final

3

appealable order since no judgment was filed and journalized. *Glavas, supra*, at ¶ 5; *see State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600, 589 N.E.2d 1324 (1992).

{¶17} The trial court docket reflects a pending Crim.R. 12(F) motion filed by appellant before his Notice of Appeal was filed requesting that the trial court state its findings regarding certain motions. No findings have been issued.

{¶18} Simply put, without a judgment entry, this court is without jurisdiction to consider this appeal.

{¶19} Accordingly, the appeal is hereby dismissed for lack of jurisdiction.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.