[Cite as *State v. Cunningham*, 2021-Ohio-794.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2021-P-0017** |
| ERIK A. CUNNINGHAM, | : | |
| Defendant, | : | |
| PAUL CUNNINGHAM, et al., | : | |
| Appellants. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2019 CR 00022.

Judgment: Appeal dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jeff R. Laybourne,* 121 S. Main Street, Suite 210, Akron, OH 44308 (For Appellants).

MARY JANE TRAPP, P.J.

{¶1} Appellants, Paul Cunningham and Nancy Cunningham (collectively, "appellants"), through counsel, filed a Notice of Appeal on February 12, 2021. The notice indicates that they appeal from a January 14, 2021 judgment entry, but no entry is attached. Instead, they attach an incomplete and uncertified copy of a transcript from a January 14, 2021 "Motion to Suppress" hearing in the matter of *State of Ohio v. Erik*

*A. Cunningham*, Case No. 2019 CR 00022, in the Portage County Court of Common Pleas.

{¶2} Also attached to the Notice of Appeal is a copy of a "Motion for Findings of Facts and Conclusions of Law" filed on behalf of Erik Cunningham, the defendant, in Case No. 2019 CR 00022 on January 27, 2021.

{¶3} Additionally, in a document captioned as "DESCRIPTION," attached to the notice, appellants indicate that the trial court overruled certain motions at the January 14, 2021 hearing, i.e., appellants' Motion to Join Motion for Special Master; Motion for Special Master; Motion to Intervene and Assert Attorney-Client Privilege and Marital Privilege and Participate in Special Master Review of Their Property/Data. However, the trial court docket reflects the court has not issued a written judgment entry to date reflecting any rulings on these sundry motions.

{¶4} The Ohio Constitution gives courts of appeals authority over final orders of trial courts. Ohio Constitution, Article IV, Section 3(B)(2).

{¶5} Moreover, final orders must be in writing. Oral pronouncements by a trial court judge do not constitute final appealable orders because they are subject to revision before journalization. *State ex. rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. "'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.'" *Id.*, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus.

{¶6} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

2

{¶7} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(1)-(4).

{¶15} Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107, 202 N.E.2d 695 (1964), quoting *State v. Bevacqua*, 147 Ohio St. 20, 22, 67 N.E.2d 786 (1946).

{¶16} Here, there is no disposition of the matter below, and the trial court has merely made an oral pronouncement of certain rulings during a hearing that are not final appealable orders since no judgment was filed and journalized. *Glavas*, *supra*, at ¶ 5; *see State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600, 589 N.E.2d 1324 (1992).

{¶17} The trial court docket reflects a pending Crim.R. 12(F) motion filed by appellants before they filed their Notice of Appeal, which requests that the trial court state its findings regarding the subject motions. No findings have been issued.

{¶18} Finally, without any judgment entry, we cannot determine whether the appellants have standing to bring this appeal.

{¶19} Simply put, without a judgment entry, this court is without jurisdiction to consider this appeal.

{¶20} Accordingly, the appeal is hereby dismissed for lack of jurisdiction.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.