[Cite as *State v. Cunningham*, 2023-Ohio-3300.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0049 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ERIK A. CUNNINGHAM, | |
| Defendant, | Trial Court No. 2019 CR 00022 |
| PAUL CUNNINGHAM, et al., | |
| Appellants. | |

## M E M O R A N D U M
## O P I N I O N

Decided: September 18, 2023
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jeff R. Laybourne*, Malarcik, Pierce, Munyer & Will, 121 S. Main Street, Suite 520, Akron, OH 44308 (For Appellants).

MARY JANE TRAPP, J.

{¶1}     Appellants, Paul and Nancy Cunningham ("the Cunninghams"), appeal the order of the Portage County Court of Common Pleas denying their motion to intervene in the criminal matter involving their son, defendant Erik A. Cunningham ("Erik").  For the reasons that follow, we dismiss the Cunninghams' appeal as unripe.

## Substantive and Procedural History

{¶2} This case presents a rare, if not unique, set of circumstances. In January 2019, the Portage County Grand Jury indicted Erik on charges of murder and felonious assault in connection with the death of his wife, Lacie. Appellee, the state of Ohio ("the state"), obtained a search warrant for the Cunninghams' personal cell phones, which the police subsequently seized. The Ohio Bureau of Criminal Investigation ("BCI") completed an extraction report of the phones' contents, which was placed under seal.

{¶3} Erik moved for the appointment of a special master, arguing the material on the Cunninghams' phones contained attorney-client communications and attorney work product. The Cunninghams filed a request to join Erik's motion for a special master. They subsequently filed a motion to intervene in the criminal case. The state opposed the Cunninghams' request to join and their motion to intervene.

{¶4} The trial court held multiple hearings.[1] In April 2021, the trial court filed an order denying Erik's motion for a special master, determining the search warrant was proper; the state and defense counsel were entitled to all information gathered from the cell phones for the time period prior to January 4, 2019 (i.e., the date defense counsel first appeared in the matter); and a special master was not necessary. The court ordered BCI to review, segregate, and release to the parties only the admissible information extracted from the cell phones. Erik appealed, which we dismissed for lack of a final appealable order. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0047, 2021-

---

1. The Cunninghams and Erik separately appealed the trial court's oral rulings during a January 2021 hearing, which we dismissed for lack of final appealable orders. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0017, 2021-Ohio-794, and *State v. Cunningham*, 11th Dist. Portage No. 2021-P-0018, 2021-Ohio-795.

2

Ohio-4051, *appeal not accepted*, 169 Ohio St.3d 1474, 2023-Ohio-921, 205 N.E.3d 560, *reconsideration denied*, 170 Ohio St.3d 1443, 2023-Ohio-1830, 210 N.E.3d 554.

{¶5} On April 8, 2021, the trial court filed an order denying the Cunninghams' motion to intervene. The Cunninghams appealed,[2] and we ordered the parties to brief the issue of the order's appealability. The Cunninghams contended the order was immediately appealable under Marsy's Law. We determined the Cunninghams had not sought intervention on that basis and dismissed their appeal for lack of jurisdiction. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0049, 2021-Ohio-4053.

{¶6} In November 2021, the Cunninghams filed an application for reconsideration pursuant to App.R. 26(A), contending they expressly asserted their status and rights under Marsy's Law in the trial court. The state opposed the application.

{¶7} In November 2022, we granted the Cunninghams' application on other grounds. We found we did not fully consider the applicability of Crim.R. 57(B) and whether it permitted the application of Civ.R. 24 to nonparties in a criminal proceeding. We concluded the denial of the Cunninghams' motion to intervene was an immediately appealable final order under R.C. 2505.02(B)(4) and the appeal was properly before us solely on the issue of nonparty intervention.

{¶8} In January 2023, the trial court held a status conference. The state notified the trial court it no longer sought to use the evidence from the Cunninghams' phones. The trial court filed judgment entries ordering the Cunninghams' cell phones to be returned to them and the sealed BCI extraction reports to be destroyed.

---

2. Erik filed a separate notice of appeal, which we dismissed for lack of standing. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0048, 2021-Ohio-4052, *appeal not accepted*, 169 Ohio St.3d 1474, 2023-Ohio-921, 205 N.E.3d 560, *reconsideration denied*, 170 Ohio St.3d 1443, 2023-Ohio-1830, 210 N.E.3d 554.

3

{¶9}    The state filed a motion to reconsider, arguing the trial court did not have authority to order the destruction of the records because they were part of the appellate record in this case.  The trial court held a hearing in February 2023.  It subsequently filed an order granting the state's motion, stating "the Extracted Cell Phone Records under Seal shall remain under Seal until the above captioned case is finalized."

{¶10}  In March 2023, the state filed a motion to dismiss this appeal, contending the issue on appeal had been rendered moot.  The Cunninghams opposed the state's motion, arguing that while they now possessed their cell phones, the extracted data still exists and remains under seal, which the state could seek to access.  According to the Cunninghams, "[a]s long as the data exists within the ongoing reach of the State, the issues presented in this appeal are ripe."  The Cunninghams also contended the state's position in its motion to reconsider was "vastly different" than its position at the January 2023 status hearing, where it objected to the destruction of the cell phone data on the basis "[t]here is still an investigation pending."

{¶11}  We held the state's motion to dismiss in abeyance due to the limited record and argumentation before us on the issue.  Upon the state's request, the record was supplemented with the original papers filed in the trial court after November 2022.  This case has been fully briefed, and oral argument was held in June 2023.

**Analysis**

{¶12}  The Cunninghams raise a single assignment of error on appeal:

{¶13}  "The trial court committed prejudicial error when it denied Paul and Nancy Cunninghams' Motion to Intervene in their son's Criminal Case following the State's seizure of their personal cell phones.  The Cunninghams claimed an interest in property

4

that is the subject of the case and are so situated that the case's disposition would impair or impede the Cunninghams' ability to protect their interests, which are not represented by the existing parties, making intervention appropriate under Civ.R. 24(A)(2)."

{¶14} Had the state not reversed course and insisted the data from the Cunninghams' phones be published, the facts of this case may have supported the Cunninghams' intervention. *See, e.g.*, *State v. Hoop*, 12th Dist. Brown No. CA2000-11-034, 2001 WL 877296, *4 (Aug. 6, 2001). However, the state did change course. The data remains under seal and is thus protected from publication. No one, outside of those who have already viewed the data pursuant to the search warrant, is permitted to know what is on the Cunninghams' phones. Those few who have reviewed the data cannot disclose the information to anyone—not even to the prosecutor—without an additional court order. This change in circumstances creates an issue of ripeness.

{¶15} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. "Ripeness 'is peculiarly a question of timing.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (1998), quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). "'The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived * * *.'" *Id.*, quoting Comment, *Mootness and Ripeness: The Postman Always Rings Twice*, 65

5

Colum.L.Rev. 867, 876 (1965), quoting Davis, *Ripeness of Governmental Action for Judicial Rev.*, 68 Harv.L.Rev. 1122 (1955). "A claim is not ripe if it rests on contingent events that may never occur at all." *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21.

{¶16} The Cunninghams concede they have possession of their phones but contend "[a]s long as the data exists within the ongoing reach of the State, the issues presented in this appeal are ripe." This assertion is not accurate. Pursuant to the trial court's judgment entry of February 10, 2023, the data remains under seal until the underlying case is concluded. Therefore, the data is out of the state's reach (and anyone's reach for that matter) unless and until the state files a motion seeking permission to access it. This is a contingent event that may never occur at all. Consequently, the Cunninghams' appeal is unripe.

{¶17} For the foregoing reasons, this appeal is dismissed.


EUGENE A. LUCCI, J., concurs,

JOHN J. EKLUND, P.J., dissents with a Dissenting Opinion.


_____


JOHN J. EKLUND, P.J., dissents with a Dissenting Opinion.

{¶18} The State has seized the Cunninghams' (appellants') property, both tangible and intangible, in connection with a criminal case against their son. The property is personal and potentially privileged. They moved to intervene in that case to be better able to protect their property interests and assist in their son's defense. The trial court

6

instead ordered the property sealed in the case brought against their son and denied their motion.

{¶19}  The most recent excuse the State has offered for not acceding to the Cunninghams' request that all of the property be returned or destroyed is that it is now part of the record on this appeal challenging the denial of the Cunninghams' motion to intervene.

{¶20}  Underlying the majority's opinion is what I think is the errant proposition that the Constitutional guaranties against unreasonable searches and seizures, a citizen's right to be free of them, and the ripeness of claims in relation to either turns on the State's use of the property, not upon the seizure itself.  I respectfully dissent because I believe that a citizen has a right to dispute the taking of their property *and* its improper use.  On the current record, and by virtue of the majority opinion, the Cunninghams are denied a forum in which to do so.

{¶21}  The majority says that if the State had not reversed course and continued to insist that the data from the Cunninghams' phones be published, the facts of this case may have supported intervention.  The majority then concludes that because the State determined – after the Cunninghams filed the instant appeal – that it would not use the cell phone extraction data at trial, that the Cunninghams have no right to intervene because their claim has become unripe.  I use the phrase "become unripe" with care, for that is the crux of the issue – whether a case which was ripe when it was brought can "become unripe."

{¶22}  Without exception, all of the case law the majority cites to support its position that this claim has become unripe refers to a case brought *before* it has become

7

ripe.  (*e.g.* "'"[T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived * * *."' *State ex. Rel Elyria F2oundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459, (1998), quoting *the Postman Always Rings Twice*, 65 Colum.L.Rev. 867, 876 (1995), quoting Davis, *Ripeness of Governmental Action for Judicial Rev.,* 68 Harv.L.Rev. 1122 (1955).").

{¶23}  The majority does not contend that this case was not ripe at the time of its filing.  Instead, the majority dodges the issue by claiming that this case presents a "rare, if not unique set of circumstances" and that because the Cunninghams' data remains under seal "unless and until the state files a motion seeking permission to access it."  This is plainly wrong.  A motion changes nothing; only an adverse ruling of one does.  In any event, the majority believes that the State seeking permission to access the Cunninghams' data is a contingent event that may not ever happen.

{¶24}  At the January 18, 2023 status conference, the State notified the trial court that it no longer sought to use the evidence from the Cunninghams' phones.  However, the State opposed the destruction of the records, arguing, tellingly, that "[there] is still an investigation pending[.]"  Of whom and for what, it did not say.  The trial court issued a judgment entry returning the cell phones to the Cunninghams and ordering the sealed BCI extraction reports to be destroyed.

{¶25}  Then, on January 24, 2023, the State filed a Motion to Reconsider the trial court's decision.  The State argued that destruction of the extraction reports was inappropriate because the records were part of the appellate record in this case and that the trial court did not have the authority to order their destruction.

Case No. 2021-P-0049

{¶26} The trial court granted the State's Motion to Reconsider, although it did not say why in its entry. The entry stated, "that the Extracted Cell Phone Records under Seal shall remain under Seal until the above captioned case is finalized."

{¶27} It is important to note that the State seized (and apparently searched), the Cunninghams' phones pursuant to a warrant. The Cunninghams claim the material on those phones includes privileged or work product information. Without regard to the merits of that claim, it is undeniable that an individual has a privacy interest in the contents of their cell phone. *See State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 24. (Determining that a warrantless search of data within a cell phone violated the Fourth Amendment when the search was unnecessary for the safety of law-enforcement and there were no exigent circumstances.)

{¶28} Similarly, the United States Supreme Court has held:

> Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans "the privacies of life," [*Boyd v. United States*, 116 U.S. 616, 630, 6 S.Ct. 524, 29 L.Ed. 746 (1886)]. The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought. Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant.

*Riley v. California*, 573 U.S. 373, 403, 189 L.Ed.2d 430, 134 S.Ct. 2473.

{¶29} While the State did obtain a warrant in this instance, that does not alter the fundamental privacy interests at stake.

{¶30} The Cunninghams maintain that so long as the cell phone extraction data remains under seal, the State could change its position and seek to access the extraction data at a later date and that they still seek to intervene to protect their privacy interests.

9

Case No. 2021-P-0049

Should the State change its position, the Cunninghams would again have to bring an appeal and relitigate this same issue. While the majority does not state that this case is moot, the effect of the decision is the same given the resolution of this case.

{¶31} A case is moot "when an event occurs that renders it impossible for the court to grant the requested relief" because "under such circumstances, there is no longer a 'live' issue that demands resolution." *Ohio Renal Assn. v. Kidney Dialysis Patient Protection Amendment Committee,* 154 Ohio St.3d 86, 2018-Ohio-3220, 111 N.E.3d 1139, ¶ 12, citing *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10. "It is not the duty of the court to answer moot questions, and when pending proceedings * * *, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." *Miner v. Witt,* 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus.

{¶32} Had the State agreed to the destruction of the extraction data, this case would certainly have become moot, as it would have become impossible for this court to grant any relief. There is nothing moot about the Cunninghams' interest in intervening in the criminal case against Defendant. The State seized their personal property on May 4, 2020. Their privacy interests were invaded and nothing (not even the State's expressed present intention to not use the sealed data) has happened since to ameliorate, much less eliminate, the invasion. *See Ohio Renal Assn.* at ¶ 12. Despite the State's assertion that it does not intend to use the reports under seal, it is telling that the State opposed their destruction because there was some investigation still pending. Further, the trial court's judgment entry upon reconsideration did not specify that the reports would be destroyed upon the return of the record at the completion of this appeal. Instead, the

10

order only stated that the records "shall remain under Seal until the above captioned case is finalized."

{¶33} Nor has the Cunninghams' effort to intervene become unripe for review. the majority cuts short its quote from *State ex. Rel Elyria Foundry Co. v. Indus. Comm* and the remainder of that quote helpfully frames this point: "'[T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived **even though the alleged action of the defendant foretells legal injury to the plaintiff**." (Bold added). *State ex. Rel Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459, (1998), quoting *the Postman Always Rings Twice*, 65 Colum.L.Rev. 867, 876 (1995), quoting Davis, *Ripeness of Governmental Action for Judicial Rev.,* 68 Harv.L.Rev. 1122 (1955).

{¶34} Here, the State has already taken action which the Cunninghams claim has caused them legal injury. The Cunninghams' motion to intervene was ripe when they filed it with the trial court, and it was ripe upon their appeal to this Court. No further action on the part of the State was necessary for the claim to become ripe.

{¶35} The contingent nature of whether the State will or will not seek to use the extraction reports does not mean this case has become unripe. Indeed, I do not believe that a case, once ripe, can become unripe. In *Ohio Renal Assn. v. Kidney Dialysis Patient Protection Amendment Committee,* 154 Ohio St.3d 86, 2018-Ohio-3220, 111 N.E.3d 1139, the Ohio Supreme Court addressed the ripeness and mootness of the case and observed a claim is not yet ripe when "the claims would become *necessary* only if a future event occurred." *Id.* at ¶ 12.

11

Case No. 2021-P-0049

{¶36} Here, the Cunninghams' interest in intervening in the criminal case became necessary when the State seized their personal property. Nothing else needs to happen for that interest to merit protecting. The Cunninghams' appeal no longer depended on a future event occurring in order to become ripe. As long as the extraction reports remain under seal, the Cunninghams have a continuing privacy interest in the data and their claimed right to intervene in the case remains ripe for review, notwithstanding the State's current "intention" not to use the data.

{¶37} I would find the Cunninghams' claims to be ripe for review and address the merits of their appeal. Therefore, I respectfully dissent.

Case No. 2021-P-0049